UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Northland Royalty Corp., | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| XTO Energy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, Northland Royalty Corp. ("Northland"), and for its Complaint against the defendant, XTO Energy, Inc. ("XTO"), states and alleges as follows:

I.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs exceeds $75,000.

II.

Northland is a business corporation that is organized under the laws of the State of North Dakota, with its principal office located at 909 Basin Ave., Bismarck, North Dakota 58502-1676, and at all relevant times conducted business in the state of North Dakota.

III.

Upon information and belief, XTO is a corporation that is organized under the laws of the State of Delaware, with its principal office located at 22777 Springwoods Village Parkway, Spring, Texas, 77389 and at all relevant times conducted business in the State of North Dakota.

**William Loree and Jane Loree Interests**

IV.

The following source documents support Northland's claims related to the William Loree and Jane Loree interests:

Exhibit 1 – William Loree Lease dated December 21, 2009, by and between Clifford F.E. Loree, Personal Representative of the Estate of William J. Loree, deceased, Lessor, and Northland Royalty Corp., Lessee, recorded as Document #396831, McKenzie County, covering 25.50 net acre interest.

Exhibit 2 – Jane Loree Quiet Title proceedings, dated November 3, 2011, covering Jane's 25.50 net acre interest into the Estate of William J. Loree, deceased.

Exhibit 3 – Jane Loree Lease dated November 29, 2011, by and between Clifford F. Loree, Personal Representative of the Estate of William J. Loree, deceased, Lessor, and Northland Royalty Corp., Lessee, recorded as Document #428885, McKenzie County, covering a 25.50 net acre interest.

Exhibit 4 – Assignment of the William Loree Lease dated March 24, 2014, but effective February 1, 2014, by and between Northland Royalty Corp., Assignor, and Vitesse Oil LLC, recorded as Document #466704, McKenzie County, covering a 25.50 net acre interest, reserving unto Northland a 5.00% ORRI, being a .00099609 decimal (25.50/1280 x 5%).

V.

Northland purchased two oil and gas leases with each lease covering a 25.50 net acre interest under the following described lands in McKenzie County, North Dakota:

Township 149 North, Range 96 West
Section 27:     S/½S½
Section 34:     N½N½

2

These leases lie within the spaced unit of all of sections 27 and 34 with each lease representing a WI decimal of .01992188 (25.50/1280) and a NRI decimal of .01693360 (25.50/1280 x 85%). *See* Exhibits 1 and 3. The following wells are covered by the two leases (Exs. 1 and 3): Jorgenson 41X-06, William Federal 41X-06, William Federal 41X-06C and William Federal 41X-06H.

VI.

By virtue of Northland's assignment of the William Loree Lease, Northland was due a 5.00% ORRI, beginning with the effective date of February 1, 2014, calculated to be a .00099609 decimal interest (25.50/1280 x 5%).

VII.

With revenue statement dated November 30, 2022 (Exhibit 5), XTO paid the proper oil revenue for production months of December 2018 through September 2022. XTO has been current with proper oil and gas revenue beginning with production month of October 2022 to current.

VIII.

With revenue statement dated January 25, 2023 (Exhibit 6), XTO paid the oil and gas revenue for production months of October 2014 through November 2018 at a decimal of .0009375, which represents an underpayment of .00005859 (.00099602 - .0009375).

IX.

Northland is due unpaid revenue from XTO as follows:

1) Oil revenue at .00099609 from February 2014 through September 2014. Gas revenue was unpaid as well, but the amount was negligible;

2) Oil revenue at .00005859 for revenue months of October 2014 through November 2018. Gas production was unpaid as well, but the amount was negligible;

3

3) Gas revenue at .00099609 for revenue months of December 2018 through September 2022.

## X.

The proper processing of the interest for the Jane Loree Lease (Ex. 3) should have included the oil and gas revenue for the Jorgenson 41X-6 well from first production (August 2009) through January 2014 and for the William Federal 41X-6 well from first production (September 2011) through January 2014, along with the associated well costs and monthly jibs.

## XI.

With the September 19, 2014, revenue statement (Exhibit 7), XTO paid the proper oil revenue from first production through production month of January 2014 for the Jorgenson 41X-6 well. The gas revenue remains unpaid. Due to Northland is the gas revenue from August 2009 through January 2014 at a decimal interest of .01693359.

## XII.

With the August 20, 2014, revenue statement (Exhibit 8), XTO properly paid the gas revenue from first production through January 2014 on the William Federal 41X-6 well.

## XIII.

With the September 19, 2014, revenue statement (Exhibit 9), XTO properly paid the oil revenue for production months of July 2013 through January 2014 on the William Federal 41X-6 well. Due to Northland is the oil revenue from first production through June 2013 at a decimal of .01693360.

XIV.

**Daniel W. Liniger Mineral Interest**

The following source documents support Northland's claims related to the Daniel W. Liniger interests:

Exhibit 10 – Personal Representative mineral deed, dated April 13, 2014, and recorded as Document #481032, McKenzie County, by and between Gene Maddock, Personal Representative of the Estate of Daniel W. Liniger, deceased, Grantor, and Gene Maddock, Personal Representative of the Estate of Beatrice Price, deceased; Richard Liniger II, Personal Representative of the Estate of Richard Liniger, deceased; and Peggy M. Hall, Grantees, under the captioned lands.

Exhibit 11 – Personal Representative mineral deed, dated May 4, 2015, and recorded as Document #481730, McKenzie County, by and between Gene Maddock, Personal Representative of the Estate of Beatrice Price, deceased, Grantor, and Northland Royalty Corp., Grantee, under the captioned lands.

Exhibit 12 – Personal Representative mineral deed, dated May 17, 2015, and recorded as Document #481729, McKenzie County, by and between Richard Liniger II, Personal Representative of the Estate of Richard Liniger, deceased, Grantor, and Northland Royalty Corp., Grantee, under the captioned lands.

Exhibit 13 - Personal Representative mineral deed, dated April 16, 2016, and recorded as Document #492356, McKenzie County, by and between Daniel A. Hall, Personal Representative of the Estate of Peggy Hall, aka Peggy M. Hall, deceased, Grantor, and Daniel A. Hall, Grantee, under the captioned lands.

Exhibit 14 - Personal Representative mineral deed, dated April 16, 2016, and recorded as Document #492357, McKenzie County, by and between Daniel A. Hall, Grantor, and Northland Royalty Corp., Grantee, under the captioned lands.

XV.

Northland purchased a 10.00 net mineral acre interest from the heirs of Daniel W. Liniger ("Liniger Interest") which was probated in McKenzie County (Case No. 27-2014-PR-00218) and was conveyed to Northland by Personal Representative deeds. *See* Exs. 10-14.

XVI.

XTO failed to provide Northland with an election to participate as to the Liniger Interest. XTO improperly considers Northland as a non-consent WI owner. XTO is currently paying a .00125 royalty decimal (10.00/1280 x 16%) for the Liniger Interest. Northland demands an accounting to determine the cumulative amount of costs attributed to Northland's payout status, without application of any risk penalty, with dates and amounts of applicable charges for each of the following wells: Jorgenson 41X-06, William Federal 41X-06, William Federal 41X-06C, and William Federal 41X-06H.

## COUNT I – BREACH OF CONTRACT

XVII.

Northland re-alleges all previous allegations.

XVIII.

Northland entered into a contract with XTO wherein XTO agreed to pay oil and gas royalties to Northland for the oil and gas XTO obtained from the subject properties.

XIX.

XTO breached its contract with Northland by failing to properly pay Northland the oil and gas royalties for the oil and gas XTO obtained from the subject properties.

XX.

As a direct and proximate cause of XTO's breach of contract, Northland has suffered damages in an amount to be proven at trial, but in excess of $75,000.  Northland is further entitled to an accounting.

## COUNT II – BREACH OF OBLIGATION TO PAY ROYALTIES

XXI.

Northland re-alleges all previous allegations.

XXII.

Pursuant to North Dakota Century Code section 47-16-39.1, "[t]he obligation arising under an oil and gas lease to pay oil or gas royalties to the mineral owner or the mineral owner's assignee, or to deliver oil or gas to a purchaser to the credit of the mineral owner or the mineral owner's assignee, or to pay the market value thereof is of the essence in the lease contract . . . ."  XTO had a duty to pay oil and gas royalties to Northland within 150 days after oil and gas produced under the leases was marketed.

XXIII.

XTO has breached its obligations by failing to pay proper oil and gas royalties to Northland within 150 days after oil and gas produced under the leases was marketed.

XXIV.

As a result of the breach, XTO is required to pay Northland interest at a rate of 18% per annum until paid.  Northland has suffered damages in an amount to be proven at trial, but in excess

of $75,000. Northland is also entitled to recover any court costs and reasonable attorneys' fees. Northland is further entitled to an accounting.

## COUNT III – DECLARATORY JUDGMENT

### XXV.

Northland re-alleges all previous allegations.

### XXVI.

Based upon the foregoing, a case and controversy exists between the parties that warrants declaratory relief.

### XXVII.

At all relevant times, Northland had an ownership or leasehold interest in the mineral interests of the subject properties.

### XXVIII.

Accordingly, Northland is entitled to a judgment pursuant to Chapter 32-23 of the North Dakota Century Code that title and ownership interest is not in dispute with regard to the mineral interests for the subject properties.

### XXIX.

Based upon the foregoing, a case and controversy exists between the parties that warrants declaratory relief.

**WHEREFORE**, Northland respectfully requests the following relief:

1. Damages in excess of $75,000;

2. For a declaration that title and ownership interest is not in dispute with regard to the mineral interests for the subject properties;

3. That Northland be awarded interest at a rate of 18% per annum for oil and gas royalties

that were not paid to Northland with 150 days from when the oil and gas that was produced was marketed until fully paid pursuant to N.D.C.C. section 47-16-39.1; in the alternative, prejudgment interest since the date of the breach pursuant to N.D.C.C. section 47-14-05 at the statutory rate;

4. An accounting from XTO as to the mineral interests for the subject properties;

5. For costs and disbursements and reasonable attorney's fees as allowed by law; and

6. Such other relief as the Court may deem just and equitable.

Dated this ___ day of September, 2023.

Pearce Durick PLLC

By_____
Zachary E. Pelham, ID # 05904
zep@pearce-durick.com
314 East Thayer Avenue
P.O. Box 400
Bismarck, North Dakota 58502
Phone: 701-223-2890
Fax: 701-223-7865

***Attorneys for Plaintiff Northland Royalty Corp.***